UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Carrie J. Boyle, Esq.
Boyle & Valenti Law, P.C.
1940 Route 70 East, Suite 4
Cherry Hill, NJ 08003
(856) 499-3335 phone
(856) 499-3304 fax
cboyle@b-vlaw.com
Attorneys for the Debtor

In re:

**Nicholas David Centanzo Gonzales**

**Debtor.**

Case No.: 24-11178

Chapter: 13

Hearing Date: August 7, 2024

Judge: JNP

# CERTIFICATION OF SERVICE

1. I, **Lisa Grigley**:

    ☐ represent ___ in the this matter.

    ☑ am the secretary/paralegal for **Carrie J. Boyle**, who represents the debtor, **Nicholas David Centanzo Gonzales** in the this matter.

    ☐ am the ___ in the this case and am representing myself.

2. On **June 24, 2024**, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below:
    - First Chapter 13 Modified Plan

3. I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Dated: **August 6, 2024**

/s/ Lisa Grigley
Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| **Denise Carlon, Esquire**<br>**Counsel to Mortgagee Midfirst Bank**<br>**701 Market Street, Suite 5000**<br>**Philadelphia, PA 19106** | **Creditor** | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other ___<br>(as authorized by the court *) |
| **Andrew Finberg, Esq.**<br>**Cherry Tree Corporate Center**<br>**535 NJ-38**<br>**Cherry Hill, NJ 08002** | **Trustee** | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☑ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other ___<br>(as authorized by the court *) |
| **Momentum Capital, LLC**<br>**Franklin Barbosa, Jr., Esq.**<br>**SCHENCK, PRICE, SMITH & KING, LLP**<br>**220 Park Avenue**<br>**Florham Park, NJ 07932** | **Creditor** | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other ___<br>(as authorized by the court *) |
| **Harley Davidson Credit Corp.**<br>**P.O Box 9013**<br>**Addison, TX 75001** | **Creditor** | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other ___<br>(as authorized by the court *) |
| **Acre Mortgage Financial, Inc.**<br>**c/o Denise Carlon, Esq.**<br>**KML Law Group, P.C**<br>**701 Market Street**<br>**Philadelphia, PA 19106** | **Creditor** | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other ___<br>(as authorized by the court *) |
| **Nicholas David Centanzo Gonzales**<br>**986 Pitney Road**<br>**Absecon, NJ 08201** | **Debtor** | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☑ E-mail<br>☐ Notice of Electronic Filing (NEF) |

rev. 8/1/15

| | ☐ Other ___ |
| | (as authorized by the court *) |

\* May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.

# BOYLE & VALENTI LAW, P.C.

1940 Route 70 East, Suite 4  
Cherry Hill New Jersey 08003

ph: (856) 499-3335  
fax: (856) 499-3304

cboyle@b-vlaw.com  
avalenti@b-vlaw.com

August 6, 2024

*Via regular mail*  
Momentum Capital, LLC  
Frank Barbosa, Jr., Esq.  
Schenk, Price, Smith & King, LLP  
220 Park Ave  
P.O Box 991  
Florham Park, NJ 07932-0991

Re:      Nicholas D. Gonzales ("Debtors") Chapter 13  
Case No.:  24-11178-JNP

Dear Mr. Barbosa,

Enclosed please find the Debtor's First Modified Chapter 13 Plan filed on August 6, 2024. Please note the treatment of your claim and was added to Part 6.

The Debtor's confirmation hearing is scheduled for September 18, 2024, at 10 AM.

If you have any questions, please do not hesitate to contact me at the above phone number.

Boyle & Valenti Law, P.C.  
Sincerely,

*Carrie J. Boyle*  
Carrie J. Boyle, Esquire

CJB/lg  
Cc:    Nicholas Gonzales  
        Andrew Finberg, Esq.

# BOYLE & VALENTI LAW, P.C.

1940 Route 70 East, Suite 4  
Cherry Hill New Jersey 08003

ph: (856) 499-3335  
fax: (856) 499-3304

cboyle@b-vlaw.com  
avalenti@b-vlaw.com

August 6, 2024

*Via regular mail*  
Acre Mortgage Financial, Inc.  
c/o Denise Carlon, Esq.  
KML Law Group, P.C  
701 Market Street  
Philadelphia, PA 19106

    Re:      Nicholas D. Gonzales ("Debtors") Chapter 13  
    Case No.:  24-11178-JNP

Dear Sir/Madam,

    Enclosed please find the Debtor's First Modified Chapter 13 Plan filed on August 6, 2024. Please note the treatment of your claim that was moved from Part 4(a) to Part 4(f).

    The Debtor's confirmation hearing is scheduled for September 18, 2024, at 10 AM.

    If you have any questions, please do not hesitate to contact me at the above phone number.

Boyle & Valenti Law, P.C.  
Sincerely,

Carrie J. Boyle, Esquire

CJB/lg  
Cc:    Nicholas Gonzales  
        Andrew Finberg, Esq.

# BOYLE & VALENTI LAW, P.C.

1940 Route 70 East, Suite 4
Cherry Hill New Jersey 08003

ph: (856) 499-3335
fax: (856) 499-3304

cboyle@b-vlaw.com
avalenti@b-vlaw.com

August 6, 2024

*Via regular mail*
Midfirst Bank (a.k.a Midland Mortgage Co.)
999 North West Grand Blvd.
Oklahoma City, OK 73118

    Re:        Nicholas D. Gonzales ("Debtors") Chapter 13
    Case No.:  24-11178-JNP

Dear Sir/Madam,

    Enclosed please find the Debtor's First Modified Chapter 13 Plan filed on August 6, 2024. Please note the treatment of your claim that was moved from Part 4(a) to Part 4(f).

    The Debtor's confirmation hearing is scheduled for September 18, 2024, at 10 AM.

    If you have any questions, please do not hesitate to contact me at the above phone number.

                                      Boyle & Valenti Law, P.C.
                                      Sincerely,

                                      Carrie J. Boyle, Esquire

CJB/lg
Cc:    Nicholas Gonzales
         Andrew Finberg, Esq.

# BOYLE & VALENTI LAW, P.C.

1940 Route 70 East, Suite 4  
Cherry Hill New Jersey 08003

ph: (856) 499-3335  
fax: (856) 499-3304

cboyle@b-vlaw.com  
avalenti@b-vlaw.com

August 6, 2024

*Via regular mail*  
Harley Davidson Credit Corp.  
P.O Box 9013  
Addison, TX 75001

Re:       Nicholas D. Gonzales ("Debtors") Chapter 13  
Case No.:  24-11178-JNP

Dear Sir/Madam,

Enclosed please find the Debtor's First Modified Chapter 13 Plan filed on August 6, 2024. Please note the treatment of your claim is reflected in Part 4(e).

The Debtor's confirmation hearing is scheduled for September 18, 2024, at 10 AM.

If you have any questions, please do not hesitate to contact me at the above phone number.

Boyle & Valenti Law, P.C.  
Sincerely,

Carrie J. Boyle, Esquire

CJB/lg  
Cc:   Nicholas Gonzales  
      Andrew Finberg, Esq.

**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

  **0** Valuation of Security        **1** Assumption of Executory Contract or Unexpired Lease    **0** Lien Avoidance

**Last revised: November 14, 2023**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
District of New Jersey**

In Re:  **Nicholas David Centanzo Gonzales**         Case No.:  24-11178
                                                     Judge:     JNP

Debtor(s)

**FIRST MODIFIED CHAPTER 13 PLAN AND MOTIONS**

☐ Original                    ☑ Modified/Notice Required         Date:  August 6, 2024
☐ Motions Included            ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS WILL BE AFFECTED**

The Court issued a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the Chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY, AND SPECIFY: ☐ 7a/ ☐ 7b/ ☐ 7c.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY, AND SPECIFY: ☐ 7a/ ☐ 7b/ ☐ 7c

Initial Debtor(s)' Attorney   CJB          Initial Debtor:   NDG          Initial Co-Debtor   _____

**Part 1:  Payment and Length of Plan**

1

    a.    The Debtor shall pay to the Chapter 13 Trustee $**340.00** monthly for **6** months starting on the first of the month following the filing of the petition through August 1, 2024.  Then, starting September 1, 2024, the Debtor shall pay **$333** monthly for the remaining 54 months of the Plan.

    The Debtor's personal injury case is expected to go to trial in April 2024.  In the event that Debtor is successful at trial, he will pay Trustee the balance of the plan due from the proceeds of his personal injury law suit.

    b.    The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☑ Other sources of funding (describe source, amount and date when funds are available): Debtor's award from personal injury claim settled on March 27, 2024.
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____
- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____
- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

    d.    ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification. See also Part 4.

        ☐ If a Creditor filed a claim for arrearages, the arrearages ☐ will / ☐ will not be paid by the Chapter 13 Trustee pending an Order approving sale, refinance, or loan modification of the real property.

    e.    For debtors filing joint petition:
- ☐ Debtors propose to have the within Chapter 13 Case jointly administered. If any party objects to joint administration, an objection to confirmation must be timely filed. The objecting party must appear at confirmation to prosecute their objection.

## Part 2:  Adequate Protection     X NONE

    a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor). (Adequate protection payments to be commenced upon order of the Court.)

    b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3:  Priority Claims (Including Administrative Expenses)

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Name of Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | Est. $7,000 upon approval of fee by Bankruptcy Court. |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Name of Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | | | |

**Part 4: Secured Claims**

    a.    **Curing Default and Maintaining Payments on Principal Residence:** ☑ **NONE**

The Debtor will pay to the Trustee allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor monthly obligations due after the bankruptcy filing as follows:

| Name of Creditor | Collateral or Type of Debt (identify property and add street address, if applicable) | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor by Trustee | Regular Monthly Payment Direct to Creditor |
|---|---|---|---|---|---|
| | | | | | |

    b.    **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑ **NONE**

The Debtor will pay to the Trustee allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor monthly obligations due after the bankruptcy filing as follows:

| Name of Creditor | Collateral or Type of Debt (identify property and add street address, if applicable) | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor by Trustee | Regular Monthly Payment Direct to Creditor |
|---|---|---|---|---|---|
| | | | | | |

    c.    **Secured claims to be paid in full through the plan which are excluded from 11 U.S.C. 506:** ☑ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral (identify property and add street address, if applicable) | Interest Rate | Amount of Claim | Total to be Paid Including Interest Calculation by Trustee |
|---|---|---|---|---|
| | | | | |

    d.    **Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☑ **NONE**

    1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Name of Creditor | Collateral (identify property and add street address, if applicable) | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | | |

    2.) Where the Debtor retains collateral and completes all Plan payments, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

e. **Surrender** ☐ NONE

Upon confirmation, the automatic stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 shall be terminated in all respects. The Debtor surrenders the following collateral:

| Name of Creditor | Collateral to be Surrendered (identify property and add street address, if applicable) | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| **Harley Davidson Financial** | **1997 Harley Davidson Springer Softtail FSXTS**<br>**Location: Creditor has repossessed the collateral.** | **$13,645 per creditor proof of claim (total claim is $5,806.34).** | **$0.00** |

f. **Secured Claims Unaffected by the Plan** ☐ NONE

The following secured claims are unaffected by the Plan:

| Name of Creditor | Collateral (identify property and add street address, if applicable) |
|---|---|
| Midland Mortgage Co. | 986 Pitney Road, Absecon, NJ 08201<br><br>Debtor received a permanent loan modification per court order dated May 2, 2024. Debtor will continue to make the regular monthly payment of $1,602.86 (subject to escrow adjustment) per the terms of the loan modification. |
| **Snap-on Credit** | **Snap On tools**<br>**Location: 986 Pitney Road, Absecon NJ 08201** |

g. **Secured Claims to be Paid in Full Through the Plan:** ☑ NONE

| Name of Creditor | Collateral (identify property and add street address, if applicable) | Amount | Interest Rate | Total Amount to be Paid through the plan by Trustee |
|---|---|---|---|---|

## Part 5:  Unsecured Claims                    NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $____ to be distributed *pro rata*

☑ Not less than **100** percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Name of Creditor | Basis for Separate Classification | Treatment | Amount to be Paid by Trustee |
|---|---|---|---|

## Part 6:  Executory Contracts and Unexpired Leases                    NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Name of Creditor | Arrears to be Cured and paid by Trustee | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment to be Paid Directly to Creditor by Debtor |
|---|---|---|---|---|
| **Momentum Capital, LLC** | $0.00 | **Power Purchase Agreement for solar electric power dated August 1, 2019** | Assume | Varies monthly in accordance with usage of the utility. |

**Part 7:  Motions**    X  **NONE**

**NOTE: All plans containing motions must be served on all affected lienholders, together with local form, Notice of**
**Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Certification of Service, Notice of Chapter 13 Plan Transmittal, and valuation must be filed with the Clerk of Court when the plan and transmittal notice are served**

    a.    **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ✓ **NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Name of Creditor | Nature of Collateral (identify property and add street address, if applicable) | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

    b.    **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ✓ **NONE**

    The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Name of Creditor | Collateral (identify property and add street address if applicable) | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

    c.    **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ✓ **NONE**

    The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Name of Creditor | Collateral (identify property and add street address if applicable) | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

    d.    Where the Debtor retains collateral, upon completion of the Plan and issuance of the Discharge, affected Debtor may take all steps necessary to remove of record any lien or portion of any lien discharged.

**Part 8:  Other Plan Provisions**

    **a.**    **Vesting of Property of the Estate**

☑ Upon Confirmation
☐ Upon Discharge

    **b.**    **Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

    **c.**    **Order of Distribution**

The Trustee shall pay allowed claims in the following order:

1) Chapter 13 Standing Trustee Fees, upon receipt of funds
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

    **d.**    **Post-Petition Claims**

The Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9: Modification    NONE

NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: **February 6, 2024**.

Explain below **why** the plan is being modified:
The plan is being modified for the following reasons:
1. The Debtor cured all mortgage arrears through a loan modification that was approved per court order on May 2, 2024. Therefore the treatment of the mortgagee, Midland Mortgage Co., was moved from Part 4(a) to Part 4(f).

2. The Debtor added the creditor Momentum Capital, LLC ("Momentum") to Part 6, assuming the contract with Momentum in compliance with the Consent Order entered July 31, 2024.

3. The Debtor revised the numbers of the Harley Davidson FInancial claim treated in Part 4(e) to reflect the asset value and claim amount set forth in the Harley Davidson FInancial proof of claim.

4. The estimated amount of attorney's fees to be paid through the plan increase in Part 3(a) in accordance with the current client billing on the Debtor's case.

5. The Debtor's monthly Trustee payment was adjusted in Part 1(a) to reflect the total amount of claims to be paid in full through the Plan.

6. The Debtor's sources of income were updated to reflect that the Debtor's personal injury case was settled on March 27, 2024.

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☑ No

### Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com

☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*.

I certify under penalty of perjury that the above is true.

| Date: | **August 6, 2024** | **/s/ Nicholas David Centanzo Gonzales** |
|---|---|---|
| | | **Nicholas David Centanzo Gonzales** |
| | | Debtor |
| Date: | | |
| | | Joint Debtor |
| Date | **August 6, 2024** | **/s/ Carrie J. Boyle** |
| | | **Carrie J. Boyle** |
| | | Attorney for the Debtor(s) |